IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEGGY HUGGINS,

    Plaintiff,                                  CIV. S. 04-2025 GGH

    vs.

JO ANNE B. BARNHART,                   ORDER
Commissioner of Social Security,

    Defendant.
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons that follow, plaintiff's Motion for Judgment on the Pleadings is granted, and the Commissioner's Motion for Summary Judgment is denied. The Clerk is directed to enter judgment for the plaintiff.

BACKGROUND

        Plaintiff, born April 26, 1948, applied for disability benefits on August 31, 2000.[1] (Tr. at 53, 55.) Plaintiff alleged she was unable to work since September 9, 1995 due to back pain, deteriorating scoliosis, knee pain, history of two strokes, and headaches. (Tr. at 16, 53, 49.)

---

[1] Plaintiff has a protective filing date of August 21, 2000. (Tr. at 15.)

In a decision dated July 26, 2002, ALJ Mark C. Ramsey determined that plaintiff was not disabled.[2] The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(b). The impairments are as follows: migraine headaches, two lacunar infarctions, chronic back and neck strain, and borderline intellectual functioning.
>
> 3. The medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

5. The allegations of her spouse and brother regarding her limitations are not fully credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 416.927).

7. The claimant has the following residual functional capacity: perform a full range of light exertional work activity on a sustained basis, including the mental demands of simple, unskilled work. Specifically, she may lift 10 pounds frequently, 20 pounds occasionally. She may stand, walk or sit for 6 hours each during the course of an 8-hour workday, with only occasional bending and crouching due to back pain.

8. The claimant has no past relevant work (20 CFR § 416.965).

9. The claimant is an 'individual closely approaching advanced age' (20 CFR § 416.963).

10. The claimant has 'a limited education'(20 CFR § 416.964).

11. The claimant has the residual functional capacity to perform substantially all of the full range of light work (20 CFR § 416.967).

12. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.10, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

13. The claimant's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations. Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(f)).

(Tr. at 25-26.)

\\\\\

\\\\\

ISSUES PRESENTED

Plaintiff has raised the following issues: A. Whether the ALJ Erred in Analyzing Whether Plaintiff's Condition Met or Equaled Listing 12.05C; B. Whether the ALJ Failed to Properly Analyze Plaintiff's Physical Limitations; C. Whether the ALJ Failed to Consider the State Agency's Conclusions as to Plaintiff's Mental Limitations; D. Whether the ALJ Erred in Assessing the Effect of Plaintiff's Migraines on her Ability to Perform Work Activities; and E. Whether the ALJ Erred in Failing to Credit Plaintiff's Testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

ANALYSIS

A. Whether the ALJ Erred in Analyzing Whether Plaintiff's Condition Met or Equaled Listing 12.05C

Plaintiff contends that she meets Listing 12.05C. The ALJ determined in finding no. 3 of the decision that plaintiff's impairments did not meet or equal an impairment listed in the Regulations' "Listing of Impairments" ("Listings"), which lists impairments to thirteen

categories of body systems which are severe enough to preclude any gainful activity. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). When all the requirements of a listing are met, the described condition is irrebuttably presumed disabling. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985); 20 C.F.R. § 404.1520(d).

At the third step of the disability analysis, the ALJ determines whether a person's condition either "meets" or "equals" a listing. A mere *diagnosis* of a listed impairment is not sufficient. Specific findings included in each listing also must be met. See, e.g., Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985). Alternatively, other diagnostic tests, or the combined effects of various conditions, may demonstrate the "equivalent" of the specific required findings. See, e.g., Sullivan v. Zebley, 493 U.S. 521, 531 (1990); Marcia v. Sullivan, 900 F.2d 172 (1990). In sum, however, unless an impairment is as severe as and has lasted as long as described in the listing, a person is not presumptively disabled. Young, 911 F.2d at 183.

Listing 12.05 provides in part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, **or** D are satisfied.
> ...
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work- related limitation of function;
> ...

20 CFR § 12.05 (emphasis added).

"An impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987). This, in other words, is the definition of a "severe" impairment. Thus, in this circuit, a person who has a severe physical or other mental impairment, as defined at step two of the disability analysis, apart from the decreased intellectual

5

function, meets the second prong of the §12.05C listing.  Id.; see also Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Edwards v. Heckler, 736 F.2d 625, 629-31 (11th Cir.1984); Nieves v. Secretary of Health & Human Servs., 775 F.2d 12, 14 & n. 7 (1st Cir.1985)).  Indeed, in footnote 3 of the Fanning decision, the court found that the "extra" impairment need not even reach the "severe" limit; although one might be hard pressed to call a less than "severe" impairment, an impairment at all.

In Fanning, the first prong of the listing was met because plaintiff's IQ was found to be between 76 and 69.  Fanning, 827 F.2d at 633.  The court imposed a standard applicable to the second prong, that the impairment must have more than a slight or minimal effect on plaintiff's ability to perform basic work activities.  Id.  Because the ALJ had not considered this question in regard to the plaintiff's knee injury, the court remanded the matter.  Id.

In the instant case, the ALJ found plaintiff to have the severe impairment of borderline intellectual functioning.  (Tr. at 26.)  In making this finding, the ALJ found that plaintiff's full scale IQ scores were 68 and 69.  (Id. at 22.)  The record supports a finding that plaintiff met this first prong of subsection (C) of the listing.

The ALJ refused to find, however, that her other limitations met the second part of this subsection.  He stated:

> While she attained Full Scale IQ scores of 68, 69 on two psychological evaluations (Exhibits 9F, 18F), her other impairments, for reasons set forth more fully below, do not impose the additional and significant work-related limitations that this listing requires.  These findings are essentially consistent with the findings of the medical consultants who also concluded that the claimant's impairments do not meet or equal any listing (Social Security Ruling 96-6p).

(Tr. at 22.)

The ALJ, however, had previously found that plaintiff's physical impairments, including migraine headaches, two lacunar infarctions, and chronic back and neck strain, constituted severe impairments at step two.  Therefore, pursuant to Fanning and the cases cited

above, a finding of severe impairment at step two equates to a per se finding of "impairment imposing additional and significant work-related limitation of function" as defined in the second prong of listing 12.05C.

Because plaintiff has met both prongs of the listing, she must be awarded benefits. As this decision remands for calculation and payment of benefits only, there is no need to discuss plaintiff's other assertions of error.

CONCLUSION

Accordingly, pursuant to 42 U.S.C. § 405(g), sentence four, summary judgment is awarded to plaintiff, and the Commissioner's cross-motion for summary judgment is denied. Judgment shall be entered in favor of plaintiff. This case is remanded for a computation and payment of benefits only.

DATED: 3/27/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Huggins2025.ss.wpd